**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GLENDA RIGGINS** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CAUSE NO. 4:15-cv-00048** |
| | § | |
| **THE HOUSTON HOUSING AUTHORITY** | § | |
| *Defendant* | § | |

---

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON**
**WHICH RELIEF CAN BE GRANTED**

---

Defendant, the **Houston Housing Authority** (the "HHA"), files its Motion to Dismiss for

Failure to State a Claim upon which Relief can be Granted (the "Motion"), respectfully showing

as follows:

**I.      Summary.**

In her First Amended Complaint (the "Complaint"), Plaintiff, Glenda Riggins ("Riggins")

brings an action pursuant to 42 U.S.C. § 1983 that purports to claim that the HHA violated her

Fourteenth Amendment procedural and substantive due process rights when it terminated her

federally subsidized housing benefits.  Riggins seeks injunctive and declaratory relief.

Riggins makes her due process claims despite the fact that her Complaint admits on its face

that the HHA provided her with adequate procedural remedies, and that she failed to timely avail

herself of those remedies.  When a person fails to take advantage of procedures providing for due

process, no procedural due process violation occurs as a matter of law.[1]  Therefore, Riggins'

---

[1] *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) ("[A] procedural due process violation cannot
have occurred when the governmental actor provides apparently adequate procedural remedies and the
plaintiff has not availed himself of those remedies.").

purported claim of a procedural due process violation is implausible on its face and should be dismissed by the Court pursuant to Federal Rule of Procedure 12(b)(6).  Riggins purported claim of a substantive due process violation should be similarly dismissed.  By providing her with a procedurally robust means of challenging its actions before they took effect, the HHA, by definition, did not act arbitrarily or capriciously when it terminated Riggins' housing benefits. [2] As it admits as much on its face, Riggins' Complaint fails to state a plausible substantive due process claim.  Additionally, to prevail on her claims under § 1983, Riggins must show that the HHA's official policymaker promulgated the policy that she claims resulted in her due process rights being violated; as her Complaint contains no such allegations, Riggins' has failed to state a claim under § 1983 for which relief can be granted.

In short, Riggins, whose housing assistance was terminated due to a member of her household being indicted for first-degree felony murder, missed a deadline by failing to timely request an informal hearing on the termination of her benefits.  Despite admitting in her Complaint that the informal hearing process she skipped due to her own inaction offered her more than adequate due process for challenging the termination of her benefits, Riggins now seeks relief through the federal court system.  The Court should not indulge Riggins' attempt for a second bite at the apple and should dismiss her Complaint for failure to state a claim upon which relief may be granted.

---

[2] *Kohl v. Housing Auth. of City of Bloomington*, 537 F. Supp. 1207, 1211 (C.D. Ill. 1982) (stating that the availability of a hearing eliminates arbitrariness that may otherwise be associated with deprivation of rights in Section 8 housing program); *see also Vandemark v. Housing Auth. of City of York*, 502 F. Supp. 574, 575-76 (same).

## II.    Background.

### A.    Factual background as stated in the Complaint.

In her Complaint, whose well-pleaded allegations are accepted as true for the purposes of the Motion only, Riggins recites that she was the recipient of federally subsidized housing assistance through a Section 8 Housing Choice Voucher Program (the "Voucher Program") administered by the HHA, a public housing authority.[3]   The HHA administers the Voucher Program pursuant to, and in accordance with, regulations promulgated by the Department of Housing and Urban Development ("HUD").[4]  One of these regulations provides that the HHA may terminate a Voucher Program participant's housing assistance if a member of the participant's household engages in violent criminal activity, as shown by a preponderance of the evidence.[5]

Alvin Riggins ("Alvin") is Riggins' son, and was a member of her household when Riggins received housing assistance through the Voucher Program.[6]   Pursuant to HUD regulations, a person's eligibility to receive benefits through the Voucher Program is reviewed by the HHA on an annual basis.[7]   Such review includes the conducting of criminal background checks on all of the household members of a Voucher Program participant.[8]

In the fall of 2012, as part of its annual review of her continued eligibility for housing assistance, the HHA conducted criminal background checks on the members of Riggins'

---

[3] *See* Doc. No. 6 ¶ 2.

[4] *See id*. ¶¶ 14-15.

[5] *See id*. ¶ 12.

[6] *See id*. ¶ 26.

[7] *See id*. ¶ 16.

[8] *See id*. ¶ 17.

household.[9]  Alvin's criminal background check revealed that first-degree felony murder charges were pending against him.[10]

On or about November 13, 2012, the HHA sent Riggins a Notice of Termination (the "Notice") stating that the HHA would terminate her housing assistance effective December 31, 2012 due to Alvin's engagement in violent criminal activity.[11]  The Notice further stated that the specific reason for the termination of Riggins' housing assistance was "Alvin Riggins' failed criminal background check; please see attachment."[12]  Attached to the Notice was a printout from the Justice Information Management System of Harris County, Texas indicating that Alvin was indicted for felony murder.[13]

The Notice also stated that Riggins could request an informal hearing regarding the termination of her housing assistance, and that a request for a hearing made by Riggins would automatically cause the suspension of the termination of her benefits pending the hearing's outcome.[14]  The Notice provided Riggins with fifteen calendar days to request a hearing; therefore, the deadline for Riggins' to request a hearing was November 27, 2012.[15]

As stated in her Complaint, in the event that she did request a hearing, the HHA's written policies and procedures provided her with the right to: (1) "contest [the] HHA's proposal to

---

[9] *See id.* ¶ 30.

[10] *See id.* ¶ 31.

[11] *See id.* ¶ 32.

[12] *See id.*

[13] *See id.* ¶ 33.

[14] *See* Notice of Termination, attached to Plaintiff's First Amended Complaint.

[15] *See id.*

terminate [her] housing assistance;" (2) be represented by an attorney, at her own expense; (3) review and copy any relevant information relied on by the HHA in making its decision to terminate her assistance; (4) present written and oral evidence in support of her position that the HHA should not terminate her benefits; and (5) question any witnesses presented by the HHA.[16]

Despite the availability of the foregoing procedural remedies to Riggins, which remedies she identifies in her Complaint, Riggins failed to timely request an informal hearing.[17]  Instead, as stated in her Complaint, Riggins did not seek an informal hearing until November 30, 2012, three days after the November 27, 2012 hearing deadline.[18]

What apparently prompted Riggins' belated request for a hearing was the fact that on November 30, 2012, the State of Texas dismissed the charges against Alvin due to the failure of several witnesses to appear for trial (the charges were refiled on July 25, 2013, and a jury trial on the matter is currently set for June 3, 2015).[19]  Riggins informed the HHA of the dismissal of the charges against Alvin on the same day that she belatedly sought an informal hearing, November 30, 2012.[20]

Due to its untimeliness, the HHA denied Riggins' request for an informal hearing.[21]  Thereafter, in accordance with the Notice, the HHA terminated Riggins' housing assistance on December 31, 2012.[22]  Riggins alleges that the HHA's Board of Commissioners (the "HHA's

---

[16] *See id*. ¶¶ 18-20.

[17] *See id*.¶¶ 38-39.

[18] *See id*.

[19] *See id*. ¶ 37.

[20] *See id*. ¶ 38.

[21] *See id*. ¶ 39.

[22] *See id*. ¶ 41.

Board" or the "Board") ratified the termination of her housing assistance in or around July 2013 when it did not respond to a July 19, 2013 letter from her requesting reinstatement to the Voucher Program.[23]

**B.      Procedural background and Riggins' claims.**

**1.      Procedural background.**

Riggins filed her Original Complaint on or about January 8, 2015.  Prior to serving the HHA with citation and summons, Riggins filed her First Amended Complaint, and live pleading, on or about March 2, 2015.  On or about February 25, 2015, the case was referred to Magistrate Judge Stephen W. Smith.

**2.      Riggins' claims.**

In her Complaint, Riggins alleges claims under 42 U.S.C. § 1983 contending that a state actor, the HHA, deprived her of a constitutionally protected property interest, her housing benefits, without due process of law.[24]

Riggins purports to assert violations of both her procedural due process rights and substantive due process rights under the Fourteenth Amendment of the United States Constitution. These purported claims appear to derive from two considerations.  First, Riggins alleges that the HHA devised and implemented an official policy to terminate a person from the Voucher Program solely on the basis of that person, or a member of her household, being arrested and indicted for

---

[23] *See id*. ¶¶ 42-45.

[24] Section 1983 does not itself provide any substantive rights; instead, it functions as an enabling statute, allowing plaintiffs to bring claims alleging deprivation under the color of state law of rights secured by the United States Constitution and the laws of the United States.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  Thus, to state a claim under § 1983, a plaintiff must allege that she was deprived of a right secured by the United States Constitution or the laws of the United States.  *Id.*  Riggins alleges she was deprived of procedural and substantive due process rights emanating from the Fourteenth Amendment of the United States Constitution.

criminal activity.  According to Riggins, such a policy violated her due process rights because an arrest or indictment, without more, does not suffice to show criminal activity "by a preponderance of the evidence," as HUD's regulations require for a termination of benefits.  Second, Riggins asserts that because she informed the HHA that the charges against Alvin were dismissed (albeit only temporarily so), the HHA's termination of her housing benefits was arbitrary and capricious, and thus, violated her substantive due process rights.

For the reasons set forth below, the Court should dismiss Riggins' claims.

## III.    Argument & Authorities.

### A.    Standard for motion to dismiss under Rule 12(b)(6).

Pursuant to Federal Rule of Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief may be granted."[25]  When reviewing a motion to dismiss brought under Rule 12(b)(6), a court must accept a plaintiff's well-pleaded allegations as true and construe each of them in a light most favorable to the plaintiff.[26]  A court, however is not "bound to accept as true a legal conclusion couched as a factual allegation."[27]  In considering a motion to dismiss, a court may consider exhibits attached to the plaintiff's complaint.[28]

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must comport with the pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Rule 8(a) provides

---

[25] FED. R. CIV. P. 12(b)(6).

[26] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[27] *Id.*

[28] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir.2004) (holding that "it is not error to consider the exhibits to be part of the complaint for purposes of a Rule 12(b)(6) motion").

that pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief."[29]

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court held that to survive a motion to dismiss, a complaint must contain factual allegations that are sufficient "to state a claim to relief that is plausible on its face."[30]   A claim is plausible on its face when the underlying complaint includes factual allegations that, if taken as true, would allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31]   Critically, a mere allegation of misconduct, standing alone, will not satisfy Rule 8's pleading requirements; instead, to survive a Rule 12(b)(6) motion to dismiss, a complaint must show that the pleader is entitled to relief.[32]

### B.    The Complaint's purported statement of a claim for procedural due process is implausible on its face and should be dismissed.

Riggins, as noted, purports to state a claim that the HHA deprived her of her procedural due process rights when it terminated her housing benefits.   To proceed with a claim of procedural due process, a plaintiff must allege (1) state interference with an interest of the plaintiff encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) that the procedures attendant to the state's interference with the interest were not constitutionally sufficient.[33]   Here, Riggins' Complaint wholly fails to include any well-pleaded allegations with

---

[29] FED. R. CIV. P. 8(a)(2).

[30] 550 U.S. 544 (2007).

[31] *Id*. at 570.

[32] *Iqbal*, 129 S. Ct. at 1949.

[33] *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1990).

respect to the second element; in fact, the Complaint affirmatively disproves that Riggins' procedural due process rights were violated.

As explained by the Third Circuit Court of Appeals, "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."[34]  In her Complaint, Riggins admits that she failed to take advantage of the processes the HHA made available to her, stating that she did not request an informal hearing until November 30, 2012, three days after the November 27, 2012 deadline.  Furthermore, Riggins' Complaint does not allege that processes made available to her by the HHA were "patently inadequate."  Rather, the Complaint makes plain that the procedural safeguards a state actor must provide before terminating one's housing assistance were all in place and available; Riggins simply failed to timely invoke them.[35]

In view of the fact that it states on its face that (1) adequate procedures were available to her, and (2) she failed to timely utilize such procedures, Riggins' Complaint fails to contain

---

[34] *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).  The court in *Alvin* noted that this requirement is distinct from an exhaustion of administrative remedies.  *See id.*  One's failure to exhaust administrative remedies is a jurisdictional bar to relief, and is typically inapplicable in the context of § 1983.  By comparison, one's failure to pursue procedural remedies precludes a claim of procedural due process because a due process violation "is not complete unless and until the State fails to provide due process." *Id.* (quoting *Zinerman v. Burch*, 494 U.S. 113, 126 (1990)).

[35] Generally, when it seeks to deprive a person of governmental benefits, such as housing assistance payments, the state must provide procedural safeguards that are available prior to the deprivation.  *See James v. Dallas Housing Auth.*, 526 Fed. App'x 388, 392-93 (5th Cir. 2013).  In *Goldberg v. Kelly*, the United States Supreme Court has held that in such situations, due process requires notice of the reason for termination, an opportunity to be heard at a pre-termination hearing, the right to present evidence at the hearing and to be represented by an attorney, a post-hearing decision based on the evidence presented at the hearing, and an impartial decision maker.  397 U.S. 254, 266-71 (1970).  In her Complaint, Riggins states that all of the pre-deprivation procedures required by *Goldberg* were made available to her by the HHA.  To wit: (1) the Notice was sent to her on November 13, 2012 and stated that her benefits would be terminated effective December 31, 2015; (2) the Notice provided her with fifteen days to request an informal hearing and stated that any termination of her benefits would be suspended pending the hearing's outcome; and (3) the HHA's written policies and procedures provided that the hearing itself comported with the due process requirements set forth in *Goldberg*, e.g., the right to present evidence and be represented by an attorney.

allegations showing that she is entitled to relief with respect to her procedural due process claims; such claims should therefore be dismissed pursuant to Federal Rule of Procedure 12(b)(6).  One final point on the matter bears noting.

Riggins' Complaint alleges that the HHA's Board ratified the termination of her benefits in or around July 2013 when it did not reinstate her to the Voucher Program pursuant to a July 13, 2013 letter she sent to the Board, which letter, among other things, reiterated that the charges against Alvin were dismissed.[36]  As noted, the murder charges against Alvin were refiled on July 25, 2013.[37]  Riggins purports to claim in her Complaint that if the Board relied on the charges against Alvin being refiled in ratifying Riggins' termination, then Riggins was entitled to an informal hearing to contest the Board's reliance on the refiling of the charges.[38]  According to Riggins, apparently, since no hearing was offered to her in July 2013 (over seven months after she was terminated from the Voucher Program, and her deadline to request a hearing had passed) her procedural due process rights were violated (if the Board relied on the charges being refiled against Alvin).[39]

Riggins' purported procedural due process claim with respect to the Board's alleged ratification of her termination is not plausible on its face for a variety of reasons.  Most basically, the claim is conclusory and speculative, serving principally to obfuscate one concrete fact: that Riggins, through her own actions, failed to timely request a hearing when she was given an opportunity to do so.  Furthermore, since they were terminated effective December 31, 2012,

---

[36] *See* Doc. No. 6 ¶ 44.

[37] *See id.* ¶ 45.

[38] *See id.* ¶ 50.

[39] *See id.*

Riggins no longer maintained a protected property interest in Voucher Program housing benefits when she sent her letter to the Board in July 2013.  Absent such an interest, an individual cannot assert a due process claim.[40]

### C. The Complaint's purported statement of a claim for substantive due process is implausible on its face and should be dismissed.

In addition to her procedural due process claim, Riggins claims a violation of her substantive due process rights.  As a general matter, "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity."[41]  Consequently, courts are cautioned not to augment the substantive reach of the Fourteenth Amendment "particularly if it requires redefining the category of rights deemed to be fundamental."[42]  Notably, there is no fundamental right to housing.[43]

Despite the circumspect manner in which it is to be approached, the substantive component of the due process clause may provide protections when a state actor deprives one of a protected interest in an arbitrary and capricious manner, or by conduct that is so egregious that it "shocks the conscience."[44]  When examining a substantive due process claim, courts apply heightened scrutiny when a fundamental right is implicated; otherwise, courts examine the government action in question by applying rational basis review.[45]

---

[40] *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1990).

[41] *Albright v. Oliver*, 510 U.S. 266, 272 (1994).

[42] *Bowers v. Hardwick*, 478 U.S. 186, 195 (1986).

[43] *Lindsey v. Normet*, 405 U.S. 56 (1972).

[44] *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998); *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir.2008).

[45] *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 505 (5th Cir.2006).

In her Complaint, Riggins purports to state a claim for substantive due process violations arising from the HHA's allegedly arbitrary and capricious termination of her housing benefits.[46] Riggins' Complaint, however, fails to identify an interest she has been deprived of that is protected by the Fourteenth Amendment's substantive component; as noted, housing assistance is not a fundamental right.[47]   The Court should, therefore, dismiss Riggins' purported substantive due process claims for being implausible on their face.

Assuming, in the alternative, that her Complaint does state a property interest that is encompassed by the substantive aspect of the Fourteenth Amendment, Riggins' purported substantive due process claims should nevertheless be dismissed because Riggins' Complaint does not on its face contain any well-pleaded allegations showing that the actions of the HHA (or its Board) were arbitrary and capricious.   To the contrary, Riggins, as noted, was afforded an opportunity to be heard, and thus was given a procedurally adequate forum in which she could have raised all of the issues she now seeks to raise in federal court.   The fact that the HHA did not act to terminate Riggins' benefits without first affording her notice and an opportunity to be heard, as Riggins admits in her Complaint, demonstrates that its actions were not arbitrary and capricious.[48]   Moreover, Riggins' Complaint does not set forth well-pleaded allegations that plausibly show on their face that the HHA did not have a rational basis for terminating Riggins from the Voucher Program based on her son's violent criminal activity.   The Court should dismiss Riggins' purported substantive due process claims.

---

[46] *See* Doc. No. 6 ¶ 51.

[47] *Lindsey v. Normet*, 405 U.S. 56 (1972).

[48] *Kohl v. Housing Auth. of City of Bloomington*, 537 F. Supp. 1207, 1211 (C.D. Ill. 1982) (stating that the availability of a hearing eliminates arbitrariness that may otherwise be associated with deprivation of rights in Section 8 housing program); *see also Vandemark v. Housing Auth. of City of York*, 502 F. Supp. 574, 575-76 (same).

**D.      Riggins' Complaint fails to state a claim under §1983.**

There is an additional reason that Riggins' Complaint fails to state a claim upon which relief may be granted.  Namely, because it is a municipal entity, §1983 liability cannot attach to the HHA unless Riggins shows that an official policy promulgated by the HHA's policymaker was the moving force behind her constitutional rights being violated.[49]  Riggins' Complaint fails to include well-pleaded allegations with respect to what policy, if any, the HHA followed to cause her constitutional harm, or who promulgated that policy.  Therefore, Riggins' Complaint fails to state a claim under which relief can be granted.

**E.      Riggins' request for declaratory relief and injunctive relief.**

In view of the fact that Riggins fails to show that she is entitled to relief on the due process claims that purportedly underlie her Complaint, the Court should dismiss her requests for declaratory relief and injunctive relief.  With respect to Riggins' request for declaratory relief, such a request is dependent on the existence of an actual case or controversy of sufficient immediacy to warrant the issuance of a declaratory judgment.[50]  Upon the dismissal of her due process claims, no such case or controversy exists to justify declaratory relief.  Similarly, with respect to her request for injunctive relief, such a request cannot be granted unless Riggins shows that she has a substantial likelihood of success on the merits, among other things.[51]  The dismissal of her underlying due process claims would, self-evidently, negate the possibility that Riggins could succeed on the merits of her lawsuit.  \

---

[49] *Ross v. Houston Hous. Auth.*, No. H–09–2361, 2010 WL 1741357 (S.D.Tex. April 29, 2010).

[50] *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

[51] *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam).

**IV.     Conclusion.**

For the reasons set forth herein, the Court should dismiss Riggins' Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendant, the **Houston Housing Authority**, respectfully asks that the

Court dismiss the First Amended Complaint filed by Riggins and award to it any relief to which it

may be justly entitled.

Respectfully submitted,

_/s/ David V. Bryce_
Attorney-in-Charge
State Bar No. 24052876
Fed. ID No. 742485
dbryce@housingforhouston.com
B. James Reaves IV
State Bar No. 24058743
Fed. ID No.  970622
breaves@housingforhouston.com
2640 Fountain View Drive, Suite 409
Houston, Texas 77057
Telephone:      713/260-0524
Telephone:      713/260-0523
Facsimile:      713/260-0808

_Attorneys for Defendant, the Houston Housing
Authority_

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing
Motion was served on all parties or counsel of record in accordance with the Federal Rules of Civil
Procedure on this 26th day of March 2015.

Mark J. Grandich
Lone Star Legal Aid
1415 Fannin, Third Floor
Houston, Texas 77002

_/s/ David V. Bryce_
David V. Bryce

14